UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| ERIK LUDWIG,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>      Plaintiff,<br>v<br><br>ALLTRAN FINANCIAL, LP,<br><br>      Defendant. | Civil Action, File No.<br>2:19-cv-04081-AMD-LB |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Erik Ludwig [hereinafter "Ludwig"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Alltran Financial, LP ("Alltran"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Alltran's regular transaction of business within this district. Venue in this district also is proper based on Alltran possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Alltran also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Ludwig is a natural person who resides in Yaphank, NY.

6. Ludwig is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 16, 2018, Alltran sent Ludwig the letter annexed as Exhibit A. Ludwig received and read Exhibit A. For the reasons set forth below, Ludwig's receipt and reading of Exhibit A deprived Ludwig of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Alltran sent Exhibit A to Ludwig in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a car loan by American Honda Finance Corporation for his individual use, individually using the proceeds of the loan for personal, family or household purposes, and then, as an individual, failing to pay back the loan. Alltran, via Exhibit A, attempted to collect this past due debt from Ludwig in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Alltran is a Texas Limited Partnership and a New York Foreign Limited Partnership.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Alltran possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon Alltran possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of ARS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, Alltran sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, Alltran is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A sets forth the following: "Amount Due as of February 16, 2018: $4,551.01".

17. If on the date of Exhibit A American Honda Finance Corporation was not accruing interest, late charges, and/or other charges on the "Amount Due as of February 16, 2018 set forth in Exhibit A, then Defendant violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "Amount Due as of February 16, 2018 or describing the balance as the "Amount Due as of February 16, 2018.

## SECOND CAUSE OF ACTION-CLASS CLAIM

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

19. Exhibit A sets forth the following: "Amount Due as of February 16, 2018: $17,601.55".

20. Upon information and belief, American Honda Finance Corporation continued to accrue interest, late charges, and/or other charges on the "Amount Due as of February 16, 2018 set forth in Exhibit A.

21. Exhibit A failed to notify Ludwig that his "Amount Due as of February 16, 2018" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

22. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Ludwig.

## THIRD CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

24. Describing the "Amount Due" as being "as of" followed by the date of the letter in and of itself amounts to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

28. By sending Exhibit A to Ludwig, Alltran violated 15 USC 1692g.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

30. The class consist of (a) all natural persons (b) who received a letter from Alltran dated between February 16, 2018 and the present, (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

31. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

33. The predominant common question is whether Defendant's letters violate the FDCPA.

34. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

35. A class action is the superior means of adjudicating this dispute.

36. Individual cases are not economically feasible.

    **WHEREFORE**, Plaintiff requests the following relief:

    1. A Judgment against Alltran in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated:      September 16, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107